’ GUIDRY, J.
 

 12In this writ application, medical malpractice defendants, James Nelson, M.D. and Merrill O. Hines, Jr., M.D., seek re
 
 *1111
 
 view of the May 12, 2009, judgment of the district court remanding to a medical review panel new allegations of negligence. For the reasons that follow, we grant the writ application, reverse that portion of the May 12, 2009, judgment that remanded the case to a medical review panel and vacate the remaining portions of the May 12, 2009, judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 On September 14, 1998, Doris Abel underwent surgery to correct a severe gas-troesophageal reflux problem. After the surgery, Ms. Abel developed complications showing signs of a suspected esophageal leak. Ms. Abel’s condition worsened and Ms. Abel died on October 1,1998.
 

 Plaintiffs submitted their malpractice complaints against Drs. Nelson and Hines and North Oaks Medical Center (“NOMC”) for review by a medical review panel. On September 17, 2008, a medical review panel convened and rendered an opinion in favor of the defendants.
 

 On November 17, 2003, plaintiffs filed suit against Drs. Nelson and Hines and NOMC. Over the next several years, discovery was conducted and the district court set a discovery cut-off date of October 16, 2008. On October 29, 2008, Drs. Nelson and Hines filed a motion for a status conference to select a trial date, which the district court set for November 20, 2008.
 

 Days before the status conference was to be held, plaintiffs requested leave of court to file a “First Supplemental and Amending Petition for Damages.” The defendants objected, urging that the filing expanded the allegations and included additional claims not previously submitted to the medical review panel. Plaintiffs then filed a motion and order with the district court requesting the district court to Dremand the matter for resubmission to a new medical review panel for review of the new claims outlined in the First Supplemental and Amending Petition for Damages. The district court signed the order without a contradictory hearing. Thereafter, Drs. Hines and Nelson and NOMC filed motions for new trial on the remand issue. On May 12, 2009, the district court entered judgment denying defendants’ motions for new trial, denying plaintiffs’ motion for leave to file the first amended and supplemental petition, and granting plaintiffs’ motion for remand and remanded the matter to a medical review panel for the sole purpose of reviewing the new allegations of negligence raised in plaintiffs’ first supplemental and amending petition.
 

 Drs. Nelson and Hines filed the instant writ application urging that the district court erred in granting plaintiffs’ motion to remand the case back to a medical review panel as there is no procedure in the MMA for remanding a case back to a panel once an opinion has been rendered and suit has been filed.
 

 DISCUSSION
 

 This court granted certiorari in order to determine whether the medical review panel procedure enumerated under La. R.S. 40:1299.47 authorizes a district court to remand to a medical review panel new allegations of medical malpractice discovered after the panel rendered an opinion and suit has been filed.
 

 The facts are not in dispute with respect to this writ application. Therefore, the issue before this court is whether the trial court correctly interpreted and applied the law. Appellate review of questions of law is simply a review of whether the trial court was legally correct or incorrect.
 
 Williams v. Notami Hospitals of
 
 
 *1112
 

 Louisiana, Inc.,
 
 2004-2289 (La.App. 1 Cir. 11/04/05), 927 So.2d 368, 372.
 

 |4In reviewing the provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq. (the “Act”) to determine the issue presented in this writ application, we are mindful that the Act must be strictly construed because it provides limitations on the liability of a health care provider and provides advantages to health care providers in derogation of the rights of tort victims.
 
 Williams,
 
 927 So.2d at 373. One such advantage is that all malpractice claims against health care providers covered under the Act “shall be reviewed by a medical review panel.”
 
 Williams,
 
 927 So.2d at 373; La. R.S. 40:1299.47(A)(1)(a).
 

 Louisiana Revised Statute 40:1299.47 governs the medical review panel proceeding. The Act requires that all medical malpractice claims against covered health care providers are to be submitted to a medical review panel prior to filing suit in any court.
 
 Williams,
 
 927 So.2d at 372; La. R.S. 40:1299.47(B)(1)(a)(i).
 
 [1]
 
 Section A of La. R.S. 40:1299.47 governs the procedure for filing a request for review of malpractice complaints by a medical review panel.
 

 As to initiating such a request, La. R.S. 40:1299.47(A)(2)(b) provides that a request for review of a malpractice claim “shall be deemed filed on the date of receipt of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to the division of administration by certified or registered mail.” Likewise, the Act requires that all requests for review of a malpractice claim identifying additional health care providers “shall also be filed with the division of administration.” La. R.S. 40:1299.47(A)(2)(a). The use of the term “shall” in these statutory provisions indicate that these procedures are mandatory. While the Act does not specifically address reviewing malpractice claims that are discovered after a panel has rendered an opinion and suit has been 15filed, we conclude that the procedures the legislature mandates for filing a request for review by a medical review panel also encompass malpractices claims that are discovered after the panel has rendered an opinion and suit has been filed.
 

 We also find that the language in La. R.S. 40:1299.47 describing the medical review panel’s duty in the panel proceeding also provides support for our conclusion. In this regard, the Act provides that the panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. La. R.S. 40:1299.47(G). In discharging this duty, the Act specifically requires the panel to render one or more of the following expert opinions. The panel may find:
 

 (1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
 

 (2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
 

 
 *1113
 
 (3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
 

 La. R.S. 40:1299.47(G)(1)(2)(3) (Emphasis added).
 

 Clearly, to fulfill these requirements, the panel must be presented with a medical malpractice complaint as provided in Section A. Moreover, we find that once a panel renders an expert opinion on a malpractice complaint filed with the division of administration, its duty has been discharged. Therefore, if additional malpractice claims are discovered after the panel has rendered an expert opinion, which were not considered by the panel, a new attorney chairman must be selected and these new claims must be presented for review by a new medical review panel established according to La. R.S. 40:1299.47.
 

 |fiIn the instant case, the parties do not dispute that plaintiffs’ First Supplemental and Amending Petition for Damages outlines claims that were not presented to a medical review panel.
 
 [2]
 
 The Act provides that the exclusive manner available to plaintiffs to have their new malpractice claims submitted to a medical review panel for review is by the claimant filing a new request for review to the division of administration as provided in La. R.S. 40:1299.47. The ruling of the court is limited to the issue presented for review. We express no opinion on any exceptions or defenses available to the defendants pursuant to La. R.S. 40:1299.47(B)(2)(a).
 

 CONCLUSION
 

 The Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq., provides the procedures and process for submitting a malpractice claim for pre-suit review by a medical review panel. La. R.S. 40:1299.47. Under the Act, a request for review of a malpractice claim is initiated when a claimant files a request for review with the division of administration. La. R.S. 40:1299.47(A)(l)(b), (2)(b). The Act does not provide a procedure that allows the trial court to remand to a new medical review panel new claims of malpractice discovered after the medical review panel has rendered its expert opinion and suit has been instituted. A pre-suit review of any new claims of malpractice that are developed during the litigation of the medical malpractice action, which were not encompassed in the complaint and evidence considered by the medical review panel when it rendered its expert opinion, can only be presented for review by filing a new request for review with the division of administration. For the foregoing reasons, we find that the district court erred in remanding the matter back to a medical review panel. Accordingly, that portion of the May 12, 2009 judgment that remanded the case to |7a medical review panel is reversed, the remainder of the May 12, 2009 judgment is vacated, and the case is remanded to the district court for action in accordance with this ruling. Plaintiffs also filed a motion to dismiss the writ application. Plaintiffs’ motion to dismiss the writ application is denied.
 

 WRIT GRANTED, JUDGMENT REVERSED IN PART, VACATED IN PART, REMANDED.
 

 [1]
 

 . No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section. La. R.S. 40:1299.47(B)( 1 )(a)(i).
 

 [2]
 

 . In their motion for remand, plaintiffs acknowledge that these new claims were not submitted to a medical review panel for pre-suit review.